IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-343-RJC-DCK

| | |
|---|---|
| SYLVESTER O. IHEANACHO d/b/a ) <br> KTC Transportation Company, and KTC) <br> TRANSPORTATION COMPANY, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ABC BUS LEASING, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss For Lack Of Venue Pursuant To Rule 12(b)(3) Or In The Alternative To Transfer Venue Pursuant To 28 U.S.C. § 1404(a)" (Document No. 8). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Sylvester Iheanacho ("Iheanacho") and KTC Transportation Company, Inc. ("KTC") (together "Plaintiffs") filed their "Complaint" (Document No. 1) in this Court against ABC Bus Leasing, Inc. ("Defendant") on June 1, 2012. The Complaint asserts causes of action for: (1) breach of contract; (2) negligence; (3) conversion; (4) unfair and deceptive trade practices; and (5) commercially unreasonable sale. (Document No. 1). The crux of the parties' dispute involves Plaintiffs' lease of three (3) buses from Defendant and Defendant's repossession of those buses. Id.

On July 26, 2012, Defendant's "Motion To Dismiss For Lack Of Venue Pursuant To Rule 12(b)(3) Or In The Alternative To Transfer Venue Pursuant To 28 U.S.C. § 1404(a)" (Document

No. 8) was filed. "Plaintiff's Memorandum In Opposition To Transfer Of Venue" (Document No. 11) was filed on August 7, 2012, and "ABC Bus Leasing, Inc.'s Reply Memorandum..." (Document No. 15) was filed August 17, 2012. The pending motion is now ripe for review and a Memorandum And Recommendation to the presiding district judge.

## II. STANDARD OF REVIEW

When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action. Static Control Components, Inc. v. Intersolution Ventures, Ltd., 2006 WL 2042900 at *10 (M.D.N.C. July 17, 2006) (citing Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)). Where jurisdiction is founded on diversity of citizenship, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The decision to transfer is left to the sound discretion of the trial court." Uniprop Mfd. Housing Commun. Income Fund v. Home Owners Funding Corp. Of Am., 753 F.Supp. 1315, 1322 (W.D.N.C. 1990). In determining whether to transfer a case, the plain language of the statute requires that the Court balance the convenience to the parties and witnesses, as well as the interests of justice. Id.

> In considering a motion to transfer, a court should consider, among other things, the plaintiff's initial choice of forum; the residence of the parties; the relative ease of access of proof; the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; the possibility of a view; the enforceability of a judgment, if obtained; the relative advantages and obstacles to a fair trial; other practical problems that make a trial easy, expeditious, and inexpensive; the administrative difficulties of court congestion; the interest in having localized controversies settled at home; the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and the avoidance of unnecessary problems with conflict of laws.

Commercial Equipment Co., Inc. v. Barclay Furniture Co., 738 F.Supp.974, 976 (W.D.N.C. 1990.)

Generally, the movant carries a "heavy burden" in establishing that a case should be transferred pursuant to 28 U.S.C. § 1404(a). Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C.1991). However, where a party seeks to transfer venue based on a forum selection clause, the burden of proof shifts from the party seeking transfer of venue to the party opposing transfer of venue. Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. Feb. 27, 2008) (citing Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir.1996)).

> Since its seminal decision in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court has consistently accorded choice of forum and choice of law provisions presumptive validity, . . . But the presumption of enforceability that forum selection and choice of law provisions enjoy is not absolute and, therefore, may be overcome by a clear showing that they are "'unreasonable' under the circumstances." The Bremen, 407 U.S. at 10, 92 S.Ct. at 1913. Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir.1996) (citing Carnival Cruise Lines v. Shute,

499 U.S.585, 595 (1991)); see also, DMG America, Inc. v. RT Precision Machinery, LP, 3:08-cv-071-RJC, 2009 WL 1783554 (W.D.N.C. June 23, 2009).

### III. DISCUSSION

By its instant motion, Defendant contends that this matter must be dismissed for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), based on a forum selection clause in the parties' agreement(s) mandating that any action be brought in Minnesota. (Document No. 1). In the alternative, Defendant requests that this matter be transferred to the District Court for Minnesota. Id. Specifically, Defendant asserts that

> Each and every operating lease agreement entered into between ABC and KTC contains the following language with regard to choice of law and forum selection:
>
> > a. The substantive laws of the State of Minnesota shall govern the validity, construction, enforcement and interpretation of this Agreement.
> >
> > b. Lessee hereby consents to the personal jurisdiction of the state and federal courts located in the State of Minnesota in connection with any controversy relating to this Agreement, waives any argument that venue in such forums is not convenient and agrees that any litigation by the Lessee against the Lessor in connection herewith **shall be venued** in either the District Court of Rice County, Minnesota or the United States District Court for the District of Minnesota, Third Division.

(Document No. 9, p.3) (citing Document No. 10, p.2) (emphasis added).

First, Defendant argues that the forum selection clause applicable here is mandatory because it states that "any litigation by the Lessee against the Lessor in connection herewith shall be venued in either the District Court of Rice County, Minnesota or the United States District Court for the District of Minnesota" and therefore, must be interpreted as an agreement that the designated forum is the exclusive forum for resolving disputes. (Document No. 9, p.5) (citing Sterling Forest Assocs.

4

v. Barnett-Range Corp., 840 F.2d 249 (4th Cir. 1988) ("[u]se of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made.")).

Next, Defendant persuasively addresses each element of the four part test identified above to determine if a forum selection clause should be enforced. (Document No. 9, pp.5-6) (quoting Allen v. Lloyd's of London, 94 F.3d at 928). In short, Defendant argues that: (1) there is no allegation that the forum selection clause was procured by fraud or overreaching; (2) there is no "grave inconvenience or unfairness" in litigating in Minnesota; (3) the chosen law is not fundamentally unfair and was agreed to by the parties; and (4) the forum selection clause does not contravene public policy. (Document No. 9, pp.6-7).

Plaintiffs' succinct response recognizes the same relevant factors, and argues that Iheanacho is in poor health and "currently physically unable to travel to Minnesota" and is "financially unable to retain counsel in Minnesota." (Document No. 11). Presumably, Plaintiffs' argument is that it would be a "grave inconvenience" to litigate in Minnesota.

In reply, Defendant argues that Plaintiff Iheanacho has not met the heavy burden of proof required to set aside a valid forum selection clause. (Document No. 15). Moreover, Defendant contends that even if Iheanacho is unable to travel to Minnesota he can still have "his day in court." Id. Defendant also argues that Plaintiffs' allegations regarding financial difficulty are conclusory and insufficient. Id. Defendant notes that Iheanacho has retained counsel here, and his claim that he could not retain counsel in Minnesota is unavailing. The papers also suggest that while Iheanacho's health may have prevented travel in or about August 2012, there is little, if any, indication regarding his current or future ability to travel.

While the undersigned remains sympathetic to Plaintiff Iheanacho's purported challenges, based on the Defendant's compelling arguments and authority, it appears that the instant motion

5

should be granted. Plaintiffs have simply failed to show that their circumstances are such that a valid forum selection clause should be set aside. As such, the undersigned will recommend that this matter be transferred to the United States District Court for the District of Minnesota, Third Division.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion To Dismiss For Lack Of Venue Pursuant To Rule 12(b)(3) Or In The Alternative To Transfer Venue Pursuant To 28 U.S.C. § 1404(a)" (Document No. 8) be **GRANTED**. This matter should be transferred to the United States District Court for the District of Minnesota, Third Division.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 21, 2012

David C. Keesler
United States Magistrate Judge